IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                           Case No. 6:17-cr-60026

LAWAYNE NATT                                               DEFENDANT

## ORDER

Before the Court is Defendant Lawayne Natt's Motion to Reduce Sentence.  ECF No. 48.
The Government has responded.  ECF No. 54.  Defendant has replied.  ECF No. 57.  The Court
finds the matter ripe for consideration.

## I. BACKGROUND

On July 26, 2017, Defendant was indicted on four separate counts related to the possession
and distribution of methamphetamine and being a felon in possession of firearms.  ECF No. 1.  On
March 5, 2018, Defendant plead guilty to one count of distribution of methamphetamine, in
violation of 21 U.S.C. § 841(a)(1).  ECF Nos. 22 and 23.  On October 11, 2018, Defendant was
sentenced to 138 months imprisonment with credit for time served in federal custody, three years
supervised release, and a $100 special assessment.  ECF No. 37.

On October 15, 2021, Defendant filed a Motion for Compassionate Release from Custody.
ECF No. 41.  The Court subsequently appointed the Federal Public Defender to represent
Defendant for his motion for compassionate release.  ECF No. 42.  On June 29, 2022, Defendant
filed the instant motion to supplement his initial request for relief, seeking a reduction in his
sentence and release from custody pursuant to Section 603 of the First Step Act of 2018 ("FSA").
ECF No. 48.  Defendant argues that his health issues combined with the ongoing pandemic and
his rehabilitation during confinement create circumstances supporting his release.  ECF No. 48.

The Government responded in opposition, arguing that the health risks are not significant enough to justify release and that other statutory sentencing and safety considerations also prohibit release. ECF No. 54.  Defendant replied, arguing that the Government's assessment of the health risks is outdated and that he is no longer a risk to the community.  ECF No. 57.

## II. DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court.   The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50.  In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed.  28 C.F.R. § 571.61(a).  If the warden approves the request, it is sent to the BOP's general counsel for approval.  28 C.F.R. § 571.62(A)(1).  If the general counsel approves the request, it is sent to the BOP's director for a final decision.  28 C.F.R.

§ 571.62(A)(2).  If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate release motion on BOP's behalf.  28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days.  18 U.S.C. § 3582(c)(1)(A)(i).  If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.  28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time.  28 C.F.R. § 571.63(b)-(c).  Failure to exhaust the administrative remedies available with the BOP forecloses the consideration of any motion for compassionate release on its merits.  *See U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

In this matter, Defendant requested release from his warden in April 2022, and has yet to receive a response.  ECF No. 48-1.  The Government does not contest that Defendant has exhausted his administrative remedies and is eligible to file his request for relief directly with this Court.  ECF No. 54, p. 2-3.  Accordingly, the Court finds that Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) and will consider his motion for compassionate release on the merits.

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).  Congress has not defined what constitutes

"extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient.  28 U.S.C. § 994(t).  Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples.  *Id.*  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction."  USSG § 1B1.13(1)(A).[1]  This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement.  This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA.  *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion).  Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples.  Defendant notes that some Circuits have determined that the policy statement is inapplicable to inmate requests for relief and that the court must determine for itself what is an "extraordinary and compelling" reason.  *See e.g., United States v. Brooker(Zullo)*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).  However, the Eighth Circuit has determined that the policy statement, while not binding, cannot be ignored and should provide guidance on what constitutes "extraordinary and compelling" reasons.  *See U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that the combination of the ongoing Covid-19 pandemic, his health issues, and his confinement creates extraordinary and compelling reasons that warrant his release from confinement. ECF No. 48, p. 7-12. Defendant notes that his obesity is among the conditions listed by the Centers for Disease Control ("CDC") as ones that put an individual at a higher risk of severe illness upon contracting Covid-19. *Id*. at pp. 7-8, 10-12. Defendant further notes that CDC has recognized that he, as an African-America, is part of a group disproportionately impacted by Covid-19. *Id*. at p. 7-8. Defendant also contends that confinement in a BOP facility makes contracting Covid-19 more likely, particularly with the emergence of more transmissible variants. *Id*. at p. 8-10. Thus, Defendant concludes that his situation is extraordinary and compelling under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)'s reference to serious medical ailments that he cannot provide self-care for while in a prison environment. *Id*. at p. 12.

The Government's response in opposition argues that Defendant's current circumstances do not rise to the level of extraordinary and compelling necessary to permit release. ECF No. 54, p. 4-17. The Government first notes the measures the BOP has taken to mitigate the spread of

Covid-19 within its facilities, such as testing, screening, quarantines, and other modified operations. *Id*. at p. 4-9. The Government then contends that Defendant's prior infection and recovery from Covid-19 combined with his full vaccination status significantly lowers the chance of incurring any severe adverse impacts from reinfection. *Id*. at p. 12-17. The Government concludes that the negligible risk of severe illness that remains is insufficient to create circumstances that could justify Defendant's release. *Id*. at p. 17.

Defendant argued in his reply that the Government is overselling the efficacy of vaccinations. ECF No. 57, p. 3-4. Defendant notes that more recent studies indicate that vaccinations are not providing the same level of protection against emerging Covid-19 variants and that booster shots are now recommended in addition to the initial doses. *Id*.

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement. The Court notes that Defendant is correct in his assertion that his obesity and race are associated with a higher risk of severe illness or death upon contracting Covid-19.[2] [3] However, the Court finds that the measures taken by the BOP to mitigate transmission, coupled by Defendant's vaccination status, weighs too heavily against viewing these circumstances as sufficiently threatening to Defendant to warrant release. Defendant is correct that recent studies have shown that the initial two-dose vaccine regiments are less effective against emerging Covid-19 variants. However, the BOP offers booster shots to inmates[4] and recent studies show that a third vaccination dose

---

[2] Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Aug. 30, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html   (listing obesity as a condition making an individual more likely to have severe illness from Covid-19).

[3] Ctrs. for Disease Control & Prevention, *Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals* (Aug. 30, 2022), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (noting that certain racial and ethnic minorities are more likely to be infected and incur severe impacts upon infection).

[4] Fed. Bureau of Prisons, *COVID-19 Coronavirus* (Aug. 30, 2022), https://www.bop.gov/coronavirus/index.jsp ("Inmates have also been offered booster shots in accordance with CDC guidance").

significantly increased protection against hospitalization[5] upon contracting Covid-19.  This option for a third vaccination dose significantly undermines Defendant's contention that he is at a high risk of severe health outcomes that he cannot take steps to mitigate while in confinement. Therefore, the Court cannot view Defendant's circumstances as extraordinary and compelling under the provision regarding specific medical conditions under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I) or the general catch-all provision of U.S.S.G. § 1B1.13 cmt. n.1(D).  Accordingly, Defendant has failed to show that his circumstances justify release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion must fail.

### C. § 3553(a) Sentencing Factors

In a motion for release pursuant to the FSA, courts must also determine if the sentencing factors under 18 U.S.C. § 3553(a) support an inmate's release.  18 U.S.C. § 3582(c)(1)(A).  That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[5] Ctrs. for Disease Control & Prevention, *COVID Data Tracker* (Aug 30. 2022), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (chart shows significantly improved outcomes against hospitalization for adults who have received a third vaccine dose).

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that the sentencing factors support his request for release. ECF No. 48, p. 12-15. As evidence of his rehabilitation, Defendant points to his completed drug and employment courses, his productive work for UNICOR making furniture, and his proposed at-risk youth community program he plans to implement upon release. *Id*. at p. 12-13. Defendant also notes that he will have stability upon release because he will reside with his mother and because he has already secured future employment. *Id*. at p. 13. Defendant further notes that his health conditions combined with the ongoing pandemic create a harsher sentence than initially anticipated. *Id*. at p. 14-15. Defendant also contends that the time he has served, which is roughly one-third of his sentence without consideration of good time or other earned time credits, has accomplished his sentence's purposes. *Id*. at p. 15.

The Government argues that an examination of the sentencing factors precludes releasing Defendant. ECF No. 54, p. 17-18. The Government notes that Defendant had an extensive criminal history prior to committing the offense that caused his current confinement. *Id*. The Government also emphasizes that Defendant was under supervision for a previous State sentence of drug trafficking when he committed the instant offense. *Id*. at p. 18. Further noting that Defendant has only served roughly one-third of his sentence, the Government concludes that the

considerations that created Defendant's sentence remain and currently support keeping his sentence intact. *Id*. Defendant's reply argues that his most recent time in confinement has served its deterrence purposes and that his expected stability upon release indicates that he will not be a danger to the public. ECF No. 57, p. 4-5.

The Court finds that an examination of the § 3553(a) sentencing factors do not support Defendant's request for early release. As the Court determined above regarding the risks the pandemic poses to Defendant, his vaccination status and the availability of boosters prevents the Court from viewing his sentence as now harsher than when initially set. Therefore, the 138-month sentence is still necessary to reflect the seriousness of his offense and provide adequate deterrence to future criminal conduct under § 3553(a)(2)(A)-(B). Defendant having served just over one-third of that sentence weighs against finding that the sentence has achieved its deterrence purposes. Also, § 3553(a)(1)'s required consideration of the nature and various circumstances surrounding Defendant's most recent conviction and his criminal history do not favor a reduction. The fact that Defendant committed his latest offense while on supervision for a prior offense also weighs against him in light of § 3553(a)(2)(C)'s consideration of protecting the public from future crimes of a defendant. The Court notes Defendant's planned community program and the stability he anticipates upon release. However, the Court finds that those plans cannot overcome the required examination of the circumstances surrounding his conviction and his criminal history. Accordingly, the sentencing factors, to the extent that they are relevant, also do not support Defendant's request for release and his motion must also fail on this ground. 18 U.S.C. § 3582(c)(1)(A).

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors.  *See* USSG § 1B1.13(2).  The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> >
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant's arguments regarding the public safety considerations mirror his arguments regarding the sentencing factors.  ECF No. 48, p. 15.  He contends that his planned community program and his anticipated stability upon release demonstrate that he is not a risk to public safety if the instant motion is granted.  *Id.*  Defendant's reply similarly reiterates that his plans upon release indicate that the public safety considerations do not bar his release.  ECF No. 57, p. 4-5. The Government did not specifically address the 18 U.S.C. § 3142(g) safety factors in its response in opposition.

The Court similarly finds that the circumstances that weighed against Defendant's release under the sentencing factors also weigh against release under the public safety factors.  Several safety factors a court must consider are clearly relevant in this matter.  Defendant's offense involved a controlled substance, which weighs against Defendant under § 3142(g)(1).  Also, Defendant has an extensive criminal history[6] and committed his most recent offense while on parole, which weighs heavily against Defendant under § 3142(g)(3)(A) and (B), respectively. Accordingly, the Court finds that the § 3142(g) safety considerations preclude the Court from finding that Defendant's release is appropriate and his motion must also fail on this ground.  18 U.S.C. § 3582(c)(1)(A).

### III. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Compassionate Release (ECF No. 41) and Motion to Reduce Sentence (ECF No. 48) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 31st day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[6] ECF No. 29, p. 8-23.